**Ronald M. COSTLOW and Bonnie F.
Costlow, Plaintiffs-Appellants,**

v.

**Larry WEEKS, individually, and as As-
sistant Attorney General for the State
of Alaska, etc., et al., Defendants-Ap-
pellees.**

No. 85–4007.

United States Court of Appeals,
Ninth Circuit.

Submitted May 6, 1986 *.

Decided June 9, 1986.

* The panel unanimously finds this case suitable
for decision without oral argument. Fed.R.App.
34(a) and Ninth Circuit Rule 3(f).

Scott A. Bruns, Lee A. Holley, Lynnwood, Wash., for plaintiffs-appellants.

Patrick J. Gullufsen, Gullufsen & Nave, Juneau, Alaska, for defendants-appellees.

Before DUNIWAY, WRIGHT, and ANDERSON, Circuit Judges.

DUNIWAY, Circuit Judge:

Ronald M. Costlow and Bonnie F. Costlow appeal from the district court's sua sponte dismissal of their complaint for improper venue. We affirm.

## FACTS

On April 24, 1985, the Costlows filed a civil rights complaint in the District Court for the Western District of Washington. In it, Ronald alleged that when he was an Alaskan state trooper in 1969 and 1970, numerous Alaskan officials and entities penalized, harassed, maliciously and falsely arrested, imprisoned, and convicted him of crimes he had not committed, all because he refused to follow the state police's allegedly discriminatory racial policies. He also claimed injury resulting from the defendants' publication of the disputed events to Washington employers requesting employment references. He invoked federal jurisdiction on both federal question and diversity grounds.

On May 13, 1985, the district court sua sponte ordered the Costlows to show cause why the complaint should not be dismissed for improper venue under 28 U.S.C. § 1406(a). A copy of the order was sent to all counsel of record. The court was not persuaded by the Costlows' response and, on June 4, 1985, it dismissed their complaint without prejudice.

## DISCUSSION

The Costlows challenge the district court's authority to raise the issue of venue on its own motion, its finding that their action did not have venue in Washington, and its decision to dismiss rather than transfer the action. We address each argument in turn.

### I. *The Court's Sua Sponte Motion.*

The Costlows claim that the district court lacked authority to decide the issue of venue on its own motion. They properly note that section 1391's venue requirements are "not a qualification upon the power of the court to adjudicate, but [rather] a limitation designed for convenience of litigants, and,

as such, may be waived by them." *Olberding v. Illinois Central Railroad Co.*, 1953, 346 U.S. 338, 340, 74 S.Ct. 83, 85, 98 L.Ed. 39. *Leroy v. Great Western Corp.*, 1979, 443 U.S. 173, 180, 99 S.Ct. 2710, 2714–15, 61 L.Ed.2d 464. A defendant must object to venue by motion or in his answer to the complaint or else his objection is waived. Fed.R.Civ.P. 12(h); *see Libby, McNeill & Libby v. City National Bank*, 9 Cir., 1978, 592 F.2d 504, 510. The Costlows claim that defendants have waived any objection to venue in Washington because they have so far failed to assert this defense. Accordingly, the Costlows reason, the court is barred from considering the issue on its own motion or otherwise. *See Concession Consultants, Inc. v. Mirisch*, 2 Cir., 1966, 355 F.2d 369, 371 (district court may not raise issue of improper venue sua sponte where defendants have waived their objection to venue); *cf. Wagner v. Fawcett Publications, Inc.*, 7 Cir., 1962, 307 F.2d 409, 412 (district court had no right to apply statute of limitations sua sponte where defendants had waived that defense).

■ The Costlows' argument fails by its very terms. The defendants in this case have not filed a responsive pleading to the Costlows' complaint and their time to do so has not yet expired. They have not, therefore, waived their right to object to the action's improper venue in Washington. *See* Fed.R.Civ.P. 12(h).

In the absence of a waiver, we can find no reason to hold that the district court erred by raising the issue of defective venue on its own motion. The defendants' right to waive the issue was protected by their notification that the court had the issue under submission. If the defendants had preferred that the case proceed to trial in Washington, they could have objected at this point and thus prevented the court from dismissing the action. *See Concession Consultants*, 355 F.2d at 371. The court's handling of the improper venue issue in this case is analogous to the long-approved practice of permitting a court to transfer a case sua sponte under the doctrine of *forum non conveniens*, as codified

at 28 U.S.C. § 1404(a), so long as the parties are first given the opportunity to present their views on the issue. *See, e.g., Starnes v. McGuire*, D.C.Cir., 1974, 512 F.2d 918, 934; *Hite v. Norwegian Caribbean Lines*, E.D.Mich., 1982, 551 F.Supp. 390, 393. Given the defendants failure to waive their objection when given the opportunity to do so, we hold that the district court had the authority to raise the issue of defective venue on its own motion.

## II. *Improper Venue.*

■ 28 U.S.C. § 1391(b) provides that where jurisdiction is not founded solely on diversity, a civil action "may be brought only in the judicial district where all defendants reside, or in which the claim arose...." The Costlows concede that all of the defendants reside in Alaska. Although they argue that their claim arose in the state of Washington, virtually all of the activity providing the basis of the complaint took place in Alaska. The district court properly concluded, therefore, that it lacked venue over the case. 28 U.S.C. § 1391(b).

## III. *Dismissal of the Action.*

■ 28 U.S.C. § 1406(a) states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The Costlows claim that the district court abused its discretion by dismissing the case rather than transferring it to Alaska. The statute requires a transfer, however, only in cases where it is in "the interest of justice." After reviewing the records in this case, we are unable to say that the district court abused its discretion in finding that the interests of justice did not require a transfer.

AFFIRMED.