967 F.2d 587
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence S. KRAIN, M.D., Plaintiff-Appellant,
v.
Robert DEVICH; Vaino Spencer, Justice; United States of
America, et al.; Herman Romm, M.D., Defendants-Appellees.
 No. 91-15758.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 26, 1992.*
Decided June 4, 1992.
 
 Appeal from the United States District Court for the Northern District of California; No. CV-90-03555-SC, Samuel Conti, District Judge, Presiding.
 Before FARRIS, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lawrence S. Krain, M.D., appeals pro se the district court's dismissal of his civil rights action for improper venue. In his complaint, Krain named three United States Supreme Court justices, a psychiatrist who treated him when he was confined at the Brea Neuropsychiatric Center, and two justices from the California Court of Appeal. In his complaint, Krain alleges that (1) the defendants violated his constitutional rights by engaging in antisemitic activities, including belonging to clubs that exclude Jews, having restrictive deeds on residences regarding Jews, selectively printing cases involving Jews in legal textbooks, deciding cases against Jews, and conspiring to obstruct his suits in state and federal court because he is Jewish, and (2) the defendants intentionally subjected him to emotional distress by engaging in these activities. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The district court did not abuse its discretion by dismissing the action as to the Supreme Court justices and the psychiatrist for improper venue. See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 257 (1981). Krain alleges in the complaint that the various defendants live in Los Angeles, California, Washington, D.C., Virginia, and Maryland. Krain also alleges that the defendants' allegedly improper acts occurred in Los Angeles and Washington, D.C.
 
 
 4
 28 U.S.C. § 1391(b) provides that venue is proper in civil rights actions in
 
 
 5
 (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.
 
 
 6
 The complaint does not allege that any of the defendants reside in the Northern District of California or that any of the events or omissions giving rise to the claim occurred in this district.[1] Accordingly, venue was improper in the Northern District of California. Id.
 
 
 7
 Krain contends that the justices and the psychiatrist waived their objections to venue. The justices, however, objected to venue in their motion to dismiss, and thus did not waive their objections. See Fed.R.Civ.P. 12(h). In addition, the psychiatrist never filed a responsive pleading in the district court, and thus the district court could sua sponte raise the issue of defective venue and dismiss the action. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir.1986).
 
 
 8
 Krain further contends that the district court erred by dismissing the action rather than transferring it to a district where venue was proper. 28 U.S.C. § 1406(a) provides that a district court shall dismiss a case with improper venue or, "if it be in the interest of justice, transfer such case to any district" in which venue is proper. The decision as to whether a transfer is in the interest of justice rests within the district court's discretion. See id. Krain offers no reasons why transfer would be in the interest of justice, and we can discern no reasons from the record. Accordingly, we affirm the district court's dismissal based on improper venue.
 
 
 9
 We also affirm the district court's dismissal of Krain's claims against the two state appellate justices.[2] Krain does not allege a deprivation of a right secured by the constitution or laws of the United States based on the alleged restrictive covenants, the defendants' alleged membership in clubs that exclude Jews, or the defendants' alleged selective printing in legal textbooks of cases involving Jews. See 42 U.S.C. § 1983: Lugar v. Edmondson Oil Co., 457 U.S. 922, 930 (1982). In addition, the justices are absolutely immune from section 1983 liability for damages for their judicial acts, see Stump v. Sparkman, 435 U.S. 349, 386 (1978), and the district court lacked subject matter jurisdiction over Krain's complaint to the extent the complaint requested the district court to review the state court's judgments, see Mackay v. Pfeil, 827 F.2d 540, 543 (9th Cir.1987). Moreover, Krain's vague and conclusory allegations of the alleged conspiracy by the defendants as members of the Republican party and as private persons were insufficient to withstand the defendants' motion to dismiss. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982). Finally, to the extent Krain attempts to assert pendant state tort claims based on these alleged civil rights violations, the district court's dismissal of the pendant claims was proper because the alleged federal claims were dismissed before trial. See Cook, Perkiss & Liehe v. Northern Cal. Collection Serv., 911 F.2d 242, 247 (9th Cir.1990).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Krain's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal, Krain may be alleging that venue is proper because Justice Kennedy ruled against him when he was sitting as a circuit judge on this court. Because Krain raises this issue for the first time on appeal, we need not consider it. See Willard v. California, 812 F.2d 461, 465 (9th Cir.1987). We observe, however, that judges are absolutely immune from section 1983 liability for damages for their judicial acts. See Stump v. Sparkman, 435 U.S. 349, 386 (1978). Moreover, Krain cannot collaterally attack this court's prior decisions in his civil rights action. See Feldman v. Henman, 815 F.2d 1318, 1321 (9th Cir.1987)
 
 
 [2]
 The state justices waived their objections to venue by failing to raise the defense in their motion to dismiss pursuant to Fed.R.Civ.P. 8 and 12. See Fed.R.Civ.P. 12(g) & (h); King v. Russell, No. 90-16602 (9th Cir. May 11, 1992) (1992 WESTLAW 93490). We may affirm, however, on any ground presented in the record. See Marino v. Vasquez, 812 F.2d 499, 508 (9th Cir.1987)