967 F.2d 584
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raymond A. CHAMBERLIN, Plaintiff-Appellant,
v.
CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., Defendants-Appellees.
 No. 91-16604.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1992.*
Decided June 30, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raymond A. Chamberlin appeals pro se the district court's sua sponte dismissal of his complaint prior to service of process pursuant to 28 U.S.C. § 1915(d). The district court initially dismissed some of the claims with leave to amend, and, after Chamberlin failed to file an amended complaint, dismissed the entire complaint. We review the district court's determination that the complaint was frivolous and the dismissal for failure to file an amended complaint for an abuse of discretion. Denton v. Hernandez, 69 U.S.L.W. 4346, 4348 (May 4, 1992); McKeever v. Block, 932 F.2d 795, 797 (9th Cir.1991). We review de novo whether the district court applied the correct legal standard. See United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984). We affirm in part, reverse in part, and remand.
 
 
 3
 A district court may dismiss an action sua sponte before service of process for an unreasonable failure to prosecute. McKeever, 932 F.2d at 797. A failure to file an amended complaint is not an unreasonable failure to prosecute if the first complaint was dismissed erroneously. Id..
 
 
 4
 A complaint may be dismissed prior to service of process only if it is frivolous. Id. A complaint is frivolous if "it lacks an arguable basis in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A factual claim is frivolous if "the facts alleged rise to the level of the irrational or the wholly incredible." Denton, 60 U.S.L.W. at 4348. An indigent plaintiff with an arguable claim is entitled to issuance and service of process. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989).
 
 
 5
 The test for whether a complaint is frivolous is less rigorous than the test for whether a complaint states a claim for which relief may be granted. Denton, 60 U.S.L.W. at 4348. A complaint that fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) may nonetheless have an arguable basis precluding dismissal under section 1915(d). Id. at 4347.
 
 
 6
 In his complaint, Chamberlin raised claims concerning denial of access to the courts while he was at San Quentin and Soledad prisons. He alleged that he was temporarily deprived of his legal materials and denied reasonable access to the law libraries. The district court determined that Chamberlin had not stated a claim because he had not alleged actual injury and gave him leave to amend his complaint. See Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989) (if a prisoner's claims do not involve denial of access to adequate law libraries or adequate assistance from persons trained in the law, the prisoner must demonstrate actual injury, or a "specific instance in which [he] ... was actually denied access to the courts").
 
 
 7
 The appropriate legal standard, however, is not whether Chamberlin states a claim, but whether his claim is arguable. See Denton, 60 U.S.L.W. at 4348; Neitzke, 490 U.S. at 328-29. Because we cannot say that Chamberlin's claim lacks an arguable basis in law or in fact, see Neitzke, 490 U.S. at 328-29, we hold that Chamberlin is entitled to issuance and service of process as to this claim, see Jackson, 885 F.2d at 640.
 
 
 8
 Chamberlin also alleged that prison officials denied him access to his personal funds. The district court noted that section 1983 does not provide a remedy for negligent or unauthorized deprivations of property, held that Chamberlin's allegations did not state a claim, and gave him leave to amend his complaint to show that the deprivation occurred pursuant to an "established state procedure." See Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982). We cannot say from the face of Chamberlin's complaint that his claim is wholly frivolous. See Neitzke, 490 U.S. at 328-29.[1] Accordingly, we remand for service of process as to this claim. See Jackson, 885 F.2d at 640.
 
 
 9
 We also remand for service of process of Chamberlin's claim concerning the adequacy of the law library at Soledad. In his complaint, Chamberlin alleged that the library did not comply with state standards. He attached administrative grievance forms to his complaint alleging that the library failed to comply with the "Kahn Order," which allegedly set forth minimum requirements for the library. Chamberlin argues on appeal, and we agree, that his allegations are sufficient to establish an arguable claim that the library does not meet constitutional standards.
 
 
 10
 We affirm the district court's determination that venue was not proper for the Vacaville defendants. See 28 U.S.C. § 1391(b); Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir.1986) (when the defendants have never filed a responsive pleading, the district court can sua sponte raise the issue of defective venue and dismiss the action).
 
 
 11
 Chamberlin argues, however, that the district court should have transferred the claims to the Eastern District of California, where venue is proper, rather than dismissing the claims. 28 U.S.C. § 1406(a) provides that a district court shall dismiss a case with improper venue, or, "if it be in the interests of justice, transfer such case to any district" in which venue is proper.
 
 
 12
 Here, Chamberlin filed his original complaint in the Eastern District of California on February 16, 1989. The Eastern District transferred the case to the Northern District because many of the claims arose in the Northern District. The Northern District subsequently dismissed the claims regarding the Vacaville defendants, stating that it was "forced to dismiss the claims" for lack of venue.
 
 
 13
 The district court may not have been aware that it had the discretion to transfer, rather than dismiss, the claims. Given that dismissal may mean that Chamberlin faces statute of limitations problems, we remand to the district court to give it an opportunity to consider whether transfer of the claims is in the "interests of justice" under 28 U.S.C. § 1406(a).
 
 
 14
 We affirm the district court's dismissal of the California Department of Corrections and the California Board of Prison Terms, which are not subject to suit under the eleventh amendment. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). We also affirm the district court's dismissal without prejudice of Chamberlin's claims regarding his parole revocation and sentence for the parole violations because he has not exhausted state remedies as to these claims. See Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir.1988).[2] We also affirm the district court's denial of Chamberlin's motion for appointment of counsel, see Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986), and the district court's denial of Chamberlin's request for certification as a class action, see Fed.R.Civ.P. 23.
 
 
 15
 AFFIRMED in part, REVERSED in part, and REMANDED for service of process and consideration of whether the claims regarding the Vacaville defendants should be transferred to the Eastern District of California.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his brief on appeal, Chamberlin asserts that San Quentin prison officials, "by policy, for a period of over a year, at least, including 6 months of Prisoner's time in custody there and at CMF, denied access, by essentially all prisoners, to their funds at that prison, and to later transfer of same from that facility."
 
 
 [2]
 The district court liberally construed Chamberlin's complaint to state a due process claim based on an alleged one-month delay in holding a parole revocation hearing. The district court dismissed the claim as frivolous, citing Morrissey v. Brewer, 408 U.S. 471 (1972). In his brief on appeal, Chamberlin asserts that he did not challenge this aspect of the parole proceedings. Accordingly, we do not address this claim