990 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Heulon L. PERRIN, Jr., Plaintiff-Appellant,
v.
TRW INFORMATION SERVICES, Defendant-Appellee.
 No. 92-16437.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 16, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This appeal challenges the district court's order dismissing the action pursuant to 28 U.S.C. § 1915(d) as frivolous and for lack of venue. We reverse and remand to the district court with instructions to permit amendment of the complaint, or to dismiss without prejudice or transfer for lack of venue.
 
 
 3
 Appellant, a resident of Colorado, brought this action in the Eastern District of California against TRW Information Services in Texas under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. Appellant alleges that TRW issued a false credit report about him which resulted in a denial of credit by a department store in Texas. The district court dismissed under section 1915(d) as frivolous and for lack of venue.
 
 
 4
 While the district court's order does not set forth specific findings as to frivolity, a review of appellant's complaint demonstrates that, as written, it does not support a claim in law or fact. See Neitzke v. Williams, 490 U.S. 319 (1989) (action is frivolous if it lacks an arguable basis in law or fact). The complaint is filled with conclusory allegations that fail to establish any factual basis for his claim that TRW issued any false or incorrect information about him to anyone, or that TRW conducted an inadequate investigation into his claim that such information was inaccurate. See 15 U.S.C. 1681e.
 
 
 5
 The district court dismissed the complaint with prejudice, however, without granting leave to amend to correct the deficiencies. The district court made no findings that the complaint could not be saved by amendment. Thus, it was obligated to instruct the appellant as to the nature of the deficiencies and grant leave to amend. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 6
 The district court also dismissed the complaint under 28 U.S.C. § 1406(a) for lack of venue. We review the district court's dismissal for lack of venue for an abuse of discretion. See Central Valley Typographical Union No. 46 v. McClatchy Newspapers, 762 F.2d 741 (9th Cir.1985). Where there has been no appearance by the defendant, the district court may dismiss for lack of venue on its own motion. Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir.1986).
 
 
 7
 We find that the district court did not abuse its discretion in finding that it lacked venue over the action. Under 28 U.S.C. § 1391(a) or (b), venue lies where the defendant resides or where the claim arose. Appellant's complaint alleges that defendant TRW is located in Dallas, Texas, and that the claim arose in Texas. Appellant has set forth no facts supporting a basis for venue in the Eastern District of California.
 
 
 8
 Although the district court has broad discretion under 28 U.S.C. § 1406(a) to decide whether to dismiss for lack of venue or to transfer in the interest of justice, the district court's discretion does not extend to dismissal with prejudice. In re Hall, Bayoutree Associates, Ltd., 939 F.2d 802 (9th Cir.1991). A dismissal for lack of venue is not a decision on the merits of an action. Id.
 
 
 9
 Consequently, we find that the district court improperly dismissed the complaint with prejudice under section 1915(d) as frivolous and for lack of venue. We therefore reverse and remand for the district court to vacate its order and either grant leave to amend the complaint or to dismiss without prejudice or transfer the action pursuant to 28 U.S.C. § 1406(a).
 
 
 10
 REVERSED AND REMANDED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3