5 F.3d 537
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Don LaFLAMME, Plaintiff-Appellant,
v.
James H. GOMEZ; et al., Defendant-Appellee.
 No. 92-15788.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 1, 1993.*
Decided Sept. 13, 1993.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-92-00542-VRW; Vaughn R. Walker, District Judge, Presiding.
 N.D.Cal.
 VACATED AND REMANDED.
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Donald LaFlamme appeals pro se the district court's dismissal based on improper venue of his 42 U.S.C. Sec. 1983 action. We have jurisdiction under 28 U.S.C. Sec. 1291, and we vacate and remand.
 
 
 3
 The district court dismissed LaFlamme's action under 28 U.S.C. Sec. 1406(a) for improper venue because LaFlamme's complaint names defendants residing in the Eastern District of California and apparently arises from events occurring in that district. We review this dismissal for an abuse of discretion. See Central Valley Typographical Union No. 46 v. McClatchy Newspapers, 762 F.2d 741, 745 (9th Cir.1985). Where there has been no appearance by the defendant, the district court may dismiss for lack of venue on its own motion. Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir.1986).
 
 
 4
 We hold that the district court did not abuse its discretion by dismissing the action on the ground that venue was improper in the Northern District. Under 28 U.S.C. Sec. 1391(a) or (b), venue lies where any defendant resides or where the claim arose. LaFlamme's claim arose in the Eastern District, and the defendants reside in that district. LaFlamme has set forth no facts to indicate that venue is proper in the Northern District.
 
 
 5
 Although the district court has broad discretion under 28 U.S.C. Sec. 1404(a) to decide whether to dismiss for lack of venue or transfer in the interest of justice, the district court's discretion does not extend to dismissal with prejudice. Oaks of Woodlake Phase III, Ltd. v. Hall Bayoutree Assoc., Ltd., 939 F.2d 802, 806 (9th Cir.1991). Accordingly, we vacate the district court's order and remand for entry of an order dismissing LaFlamme's action without prejudice.[1] See id.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 LaFlamme's motion for "Writ of Mandamus and/or Prohibition" is denied. Additionally, because we hold that dismissal on venue grounds was proper, we need not address the district court's finding that some of LaFlamme's claims were barred by res judicata