**Xiangyuan ZHU, Plaintiff–Appellant,**

v.

**David Scott WHINERY, Defendant–Appellee.**

No. 03–56884.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 20, 2004.

Xiangyuan Zhu, Topeka, KS, Plaintiff–Appellant Pro Se.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

MEMORANDUM **

Xiangyuan Zhu appeals pro se the district court's order dismissing the complaint without prejudice based on improper venue. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a dismissal for improper venue for an abuse of discretion. *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1253 (9th Cir.1997). We affirm.

Where jurisdiction is not founded solely on diversity grounds, a civil action may only be brought in:

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). We have held that a district court may dismiss a complaint sua sponte for improper venue. *Costlow v. Weeks,* 790 F.2d 1486, 1488 (9th Cir.1986) ("In the absence of a waiver, we can find no reason to hold that the district court erred by raising the issue of defective venue on its own motion.").

The district court issued an order to show cause why the complaint should not be dismissed for improper venue ("OSC"), and Zhu submitted a response. The district court determined that venue was not proper in the United States District Court for the Central District of California ("Central District of California") under § 1391(b)[1] because Zhu's complaint alleges that the defendant, David Scott Whinery, is a Kansas resident and that all events giving rise to the claim occurred in Kansas, and since nothing in Zhu's response to the OSC showed that the Central District of California was a proper venue for the action.

On appeal, Zhu contends that venue is proper in the Central District of California because Whinery waived any improper venue objection by not moving the district court to dismiss the complaint for improper venue, and because Whinery is currently representing a former child movie star living in Los Angeles, California. These contentions are without merit. In *Costlow,* we held that a defendant does not waive an improper venue objection by not raising it, so long as she has not filed a responsive pleading to the complaint and her time for doing so has not expired. *See* 790 F.2d at 1488. Furthermore, the allegation that Whinery is representing a former child movie star who resides in the Los Angeles area is of no import. Section 1391(b) is concerned with where Whinery resides and where the events giving rise to Zhu's claim arose, not with where Whinery's clients reside.

Accordingly, we affirm the district court's order dismissing the complaint without prejudice.

AFFIRMED.

---

1. Although the district court cited to § 1391(a), it is clear that it intended to reference § 1391(b).