**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 16 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ARMIN AZOD, an individual; et al.,

Petitioners-Appellees,

v.

JAMES G. ROBINSON, an individual; et al.,

Respondents-Appellants,

and

CECILIA, LLC, a Delaware corporation,

Respondent.

No.  22-56186

D.C. No.
2:22-cv-05214-CAS-MRW

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted December 7, 2023
Pasadena, California

Before:  WARDLAW, LEE, and BUMATAY, Circuit Judges.
Dissent by Judge BUMATAY.

James Robinson ("Robinson"), Morgan Creek Productions, Inc. ("Morgan

Creek"), and Good Stuff, LLC ("Good Stuff") (collectively, the "Robinson

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Parties") appeal the district court's orders denying their motion to dismiss ("Motion to Dismiss") and granting the motion to confirm the final arbitration award ("Motion to Confirm") in favor of Armin Azod, Shantanu Sharma, Dong Zhang, Peter John, and Ramez Elgammal (the "Azod Parties"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not abuse its discretion by holding the Robinson Parties judicially estopped from moving to dismiss on *forum non conveniens* grounds pursuant to the Asset Purchase Agreement's ("APA") forum selection clause. Judicial estoppel applies where (1) a party takes a position that is clearly inconsistent with its earlier position; (2) the earlier position was judicially accepted; and (3) the party asserting the inconsistent position would derive an unfair advantage if not estopped. *See New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001). This equitable doctrine protects "the dignity of judicial proceedings" from litigants "playing fast and loose with the courts." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) (internal quotation marks omitted).

In 2019, the Robinson Parties filed a petition to confirm a partial arbitration award in the Central District of California (the "2019 action"). Under the APA's forum selection clause, that petition should have been brought in "the courts of Maryland." But the Robinson Parties' 2019 action still asserted that "[v]enue is

proper in the Central District of California," and that the Azod Parties had "waived any venue objection" by bringing a pre-arbitration suit against the Robinson Parties in the Central District in 2016. The district court stayed the 2019 action until completion of the arbitration. Those arbitration proceedings finished in May 2022—at which time, the Robinson Parties voluntarily dismissed the 2019 action and re-filed a petition to vacate or modify the final arbitration award in Maryland state court. In response, the Azod Parties filed the instant petition to confirm the arbitration award (the "2022 action").

Given that background, the district court properly reasoned that the first factor of judicial estoppel—inconsistent positions—was satisfied. In the 2019 action, the Robinson Parties ignored the forum selection clause and asserted that the petition to confirm the partial arbitration award was properly filed in the Central District. Now, they take the exact opposite position: that the Azod Parties' filing of the 2022 action in the Central District is improper, as it runs afoul of the forum selection clause. The Robinson Parties argue that their 2019 representations about judicially determined "venue" have no relation to their current representations about contractually determined "forum," citing to *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49 (2013). But the record belies this post hoc distinction. The Robinson Parties had not differentiated between venue and forum in their 2019 action, and in fact justified

their choice to file the 2019 petition in the Central District by stating that the Azod Parties waived any objections to venue by filing there first in 2016.

The district court also properly concluded that the second factor was satisfied. For the purposes of judicial estoppel, our circuit does not require that the prior court explicitly adjudicate an issue—but merely "accept[]" a party's previous position. *Hamilton*, 270 F.3d at 783. Because Judge Wright granted the Azod Parties' motion to stay the 2019 action, received numerous joint status reports, and presided over the case for three years, he necessarily "accepted"—or "relied on"—the Robinson Parties' representation that the petition was properly filed in the Central District. The purpose of this inquiry is to avoid "the perception that either the first or the second court was misled" by accepting a party's representation. *Ah Quin v. County of Kauai Dept. of Transp.*, 733 F.3d 267, 270 (9th Cir. 2013) (quoting *New Hampshire*, 532 U.S. at 750). That's exactly what happened here. By filing the 2019 action, the Robinson Parties effectively misled the district court into believing it would not contest its own choice of venue in the Central District—which it does now.

In response, the Robinson Parties suggest that their filing of the 2019 action in the Central District was a genuine mistake: new counsel joined the case in 2018, was unaware of the forum selection clause, and incorrectly believed that the 2019 action should be filed in the same place as the Azod Parties' 2016

4

proceeding. The record does not support that view. The 2019 petition cites directly to the APA's forum selection clause. And this entire dispute arises out of a ten-page agreement. It seems highly unlikely that sophisticated counsel would overlook a pivotal clause in such a short contract.

Finally, the district court properly concluded that the Robinson Parties are attempting to secure an unfair advantage by dismissing this petition under *forum non conveniens*. Both parties have, at various points, chosen to litigate this dispute in the Central District in direct contravention of the APA's clear forum selection clause. Now, the Robinson Parties suddenly want to prevent the Azod Parties from litigating this petition in the Central District after they made that exact choice in the 2019 action. Notably, both sides have racked up millions in legal fees over contract damages worth only about $850,000, hinting that this litigation has morphed into a grudge match that has little to do with compensation for any potential financial loss. The Robinson Parties' reversal of position suggests the very gamesmanship that judicial estoppel seeks to avoid.

Because the Robinson Parties raised the applicability of the first-to-file doctrine for the first time in their surreply to the Motion to Confirm, the district court did not abuse its discretion by declining to rule on this issue. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (The "district court need not consider arguments raised for the first time in a reply brief.").

5

2.	The district court did not err by granting the Azod Parties' Motion to Confirm. Although we review the district court's grant of a motion to confirm an arbitration award de novo, both the Federal Arbitration Act ("FAA") and Maryland law permit "courts [to] vacate an arbitrator's decision only in very unusual circumstances," *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 568 (2013), such as when the arbitrator's decision was "completely irrational" or "a manifest disregard of the law," *Bosack v. Soward*, 586 F.3d 1096, 1104 (9th Cir. 2009) (internal quotation marks omitted); *see also WSC/2005 LLC v. Trio Ventures Assocs.*, 190 A.3d 255, 265–66 (Md. 2018). Because Robinson and Morgan Creek sought a benefit by asserting their entitlement to attorneys' fees and costs under Section 21 of the APA, it was not completely irrational for the arbitrator to apply equitable estoppel to hold these non-signatories jointly and severally liable for attorneys' fees and costs under that same provision. *See Griggs v. Evans*, 43 A.3d 1081, 1092 (Md. Ct. Spec. App. 2012) ("The doctrine of equitable estoppel is rooted in the equitable principle that it would be unfair for a party to rely on a contract when it works to its advantage, and repudiate it when it works to its disadvantage.") (internal quotation marks omitted). Nor did the arbitrator manifestly disregard Maryland law by finding that reliance was not required to hold Robinson and Morgan Creek liable under an equitable estoppel theory. *See Bessette v. Weitz,* 811 A.2d 812, 827 (Md. Ct. Spec. App. 2002) (explaining that

6

"[t]here may be instances" where equitable estoppel does not require reliance).

The Robinson Parties also argue that because the arbitrator did not apply equitable estoppel to Good Stuff in the interim award, the application of equitable estoppel in the final award was a denial of due process. The district court may vacate an arbitration award if the "arbitrator's misbehavior or misconduct prejudiced the rights of the parties," such as where a party did not have "the opportunity to be heard and present relevant and material evidence." *Move, Inc. v. Citigroup Glob. Markets, Inc.*, 840 F.3d 1152, 1158 (9th Cir. 2016); *see also State v. Philip Morris, Inc.*, 123 A.3d 660, 681 (Md. Ct. Spec. App. 2015). But Good Stuff was given ample opportunity to address the application of equitable estoppel because the arbitrator received extensive briefing and heard argument on this issue before issuing the final award. Therefore, the arbitrator did not prejudice Good Stuff's rights by holding the non-signatory liable for breach of contract.

3.     Because we affirm the district court's grant of the Motion to Confirm on the foregoing grounds, we need not determine whether the Robinson Parties' opposition to the Motion to Confirm is time-barred under either the FAA or Maryland law.

**AFFIRMED.**

*Armin Azod, et al. v. James G. Robinson, et al.*, No. 22-56186
Bumatay, Circuit Judge, dissenting:

Judicial estoppel is a scalpel, not a butcher's knife. It's not meant to correct any old gamesmanship between parties—something all too common in civil litigation. Instead, the doctrine is designed to prevent our courts from being intertwined in the parties' shenanigans. Thus, judicial estoppel is implicated only if a court *actually accepts* a party's position that the party later disavows to an unfair advantage. None of that happened here. No party took an inconsistent position. No court accepted it. And no party received an unfair advantage. Because the district court wrongly employed judicial estoppel anyway, and the majority endorses its improper use, I respectfully dissent.

## I.

This case involves a dispute between Armin Azod, James G. Robinson, and their associates. Both sides of this dispute entered into an agreement with an iron-clad forum-selection clause. All parties "irrevocably" agreed to bring "any action or proceeding" relating to the agreement "only in the courts of Maryland."

Despite this clear-as-day provision, Azod brought this petition to confirm a favorable arbitration award in the Central District of California—almost as far as you can get from a state court in Maryland. Rather than dismissing the action as required by the agreement, the district court accepted the case and confirmed the award. How did it ignore the forum-selection clause, you ask? Well, it relied on a

1

somewhat obscure tool called "judicial estoppel." In basic terms, the doctrine prevents a party from taking a position that conflicts with a position it held in an earlier judicial proceeding. So using judicial estoppel, the district court waved away the forum-selection clause and held on to the case.

But the doctrine is not a free-floating exercise of judicial power. Judicial estoppel applies only if three well-recognized factors are met: (1) a party must take a position "clearly inconsistent"' with an earlier position; (2) a court must have accepted the earlier position; and (3) the party must gain an "unfair advantage" or impose an "unfair detriment" on the opposing party. *Ah Quin v. Cnty. of Kauai Dep't of Transp.*, 733 F.3d 267, 270 (9th Cir. 2013) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001)).

While judicial estoppel is an equitable test, that does not provide "arbitrary nor unlimited" discretion to judges. *See Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963). Instead, we should "be guided by the principles long established in courts of equity." *See id*. In other words, we should hew closely to the recognized factors before employing the doctrine.

After all, judicial estoppel cuts at the very truth-seeking core of the adversarial process. Applying the doctrine creates a make-believe world. It prevents a party from arguing a potentially *correct* legal or factual proposition. It thus creates a world where something that might not be true is simply deemed true for the purposes of

2

the case. This case is a good example. By judicial estoppel, the district court pretended that neither party agreed to a clear forum-selection clause. Only in this multiverse reality would it be proper for the arbitration award to be confirmed in the Central District. In some cases, employing this doctrine may be proper. But we better be sure before going down the rabbit hole.

Here, I can't say *any* of the factors governing this doctrine are met.

## A.

Take the "clearly inconsistent" factor. True, in 2019, Robinson sued in the Central District of California and, in that suit, he argued that "venue" was proper in that district. But the forum-selection clause in the agreement is about *forum* not *venue*. And "forum" and "venue" are distinct, albeit related, concepts. *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 57 (2013). So it's not clearly inconsistent to present that venue is proper but forum is not. But the district court took this to be good enough for an inconsistency.

## B.

The second factor—judicial acceptance—is even more egregiously misplaced here. The entire doctrine is based on preventing parties from embroiling the courts in their gamesmanship. That means that the court must have *accepted* the prior position. Otherwise, we merely punish parties who try out different arguments and short circuit the adversarial process. *See Teledyne Indus., Inc. v. NLRB*, 911 F.2d

3

1214, 1218 (6th Cir. 1990) ("Judicial estoppel is applied with caution to avoid impinging on the truth-seeking function of the court because the doctrine precludes a contradictory position without examining the truth of either statement.").

We thus "restrict[] the application of judicial estoppel to cases where the court relied on, or 'accepted,' the party's previous inconsistent position." *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001) (simplified). The tool simply has no place when a party advances a position that no court actually adopts. *See New Edge Network, Inc. v. FCC*, 461 F.3d 1105, 1114 (9th Cir. 2006) (no risk of inconsistent court determinations when the "Supreme Court did not adopt [the prior] position"); *United Steelworkers of Am. v. Ret. Income Plan For Hourly-Rated Emps. of ASARCO, Inc.*, 512 F.3d 555, 563–64 (9th Cir. 2008) (no judicial estoppel when "the district court never *held*" the prior position).

Indeed, "'[a]cceptance' in this context is a term of art." *Perry v. Blum*, 629 F.3d 1, 11 (1st Cir. 2010). It means that the party "must show that the court adopted and relied on the represented position either in a preliminary matter or as part of a final disposition." *Id.* And "[t]he showing of judicial acceptance must be a strong one." *Id.* It must be "strong" because, as stated earlier, we don't want to intrude on the adversarial process which is integral to the "truth-seeking function of the court." *Id.* at 11 (quoting *Teledyne Indus.*, 911 F.2d at 1218). So the party advancing judicial estoppel "must affirmatively show, by competent evidence or inescapable inference,

4

that the prior court adopted or relied upon the previous inconsistent assertion." *Id.* at 11–12.

This showing cannot be made here. There is no evidence or inference that the district judge in 2019 "accepted" Robinson's position that venue (let alone forum) was proper in the Central District. No party ever moved to dismiss for lack of venue in that case. No party moved for forum non conveniens. No party even asked the judge to make any substantive ruling. The forum-selection clause was not raised at all until a joint status report shortly before the case was voluntarily dismissed. Instead, the district judge almost immediately stayed the case. And as we have previously held, a case "stayed almost since its inception" cannot satisfy the judicial acceptance factor. *Casa del Caffe Vergnano S.P.A. v. ItalFlavors, LLC*, 816 F.3d 1208, 1213 (9th Cir. 2016).

Despite this, the district court incorrectly believed that courts must sua sponte resolve *venue* issues and so the 2019 judge must have implicitly accepted Robinson's *forum* position. But that was a legal error. Neither venue nor forum must be considered sua sponte. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Indeed, it is impossible for the 2019 judge to have made a ruling on forum. For a court to even consider applying forum non conveniens, the parties must be "first given the opportunity to present their views on the issue." *Id.* That never happened

5

in the 2019 case. On the other hand, staying a case means exactly that—deciding nothing about the case until it is reopened.

And it would be absurd to say that granting a stay means the 2019 judge was somehow ruling that the forum-selection clause was no longer enforceable. I'm sure the district judge would be surprised to learn that the stay motion was so pivotal. Indeed, it's an open question whether judicial estoppel can even apply to ministerial judicial decisions, like granting a stay. *See Egenera, Inc. v. Cisco Sys., Inc.*, 972 F.3d 1367, 1380 (Fed. Cir. 2020).

## C.

Lastly, it's hard to see what the "unfair" advantage or detriment would be here. Both sides "irrevocably" agreed to litigate disputes in Maryland state courts. Denying judicial estoppel here would only return this case to the forum they originally agreed to duke out disputes. Plus, nothing happened in the 2019 case— aside from a stay motion and several status reports to the court. While both parties may have spent millions in attorneys fees in this long legal brawl, neither side expended significant resources in the Central District that would make a transfer to a Maryland court unfair. And applying judicial estoppel here doesn't punish the gamesmanship—it only rewards the last to file (which only happens to be Azod). Truly punishing the gamesmanship would be sending them to the forum the parties agreed was proper before any dispute occurred.

6

## II.

In short, all judicial-estoppel factors counsel against its use here. No one argued forum. No court ever held on forum. And the 2019 case was stayed from its inception.

While I share the majority's concern with the gamesmanship by both sides, that doesn't give us license to contort the doctrine and expand its reach. I would thus vacate the denial of the motion to dismiss and direct the district court to tackle the effect of the forum-selection clause on this case. I respectfully dissent.