**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

WILLIAM N. WEBER, M.D.,
          *Plaintiff-Appellant,*

v.

DEPARTMENT OF VETERANS
AFFAIRS AND ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,
          *Defendants-Appellees.*

No. 06-35522

D.C. No.
CV 04-046-H-SEH

ORDER
AMENDING
OPINION AND
AMENDED
OPINION

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted
October 19, 2007—Seattle, Washington

Filed January 15, 2008
Amended April 4, 2008

Before: Ronald M. Gould and Richard A. Paez,
Circuit Judges, and Lyle E. Strom,* District Judge.

Opinion by Judge Strom

---

*The Honorable Lyle E. Strom, Senior United States District Judge for
the District of Nebraska, sitting by designation.

3569

**COUNSEL**

Bruce M. Spencer, Smith Law Firm, P.C., Helena, Montana, for plaintiff-appellant William N. Weber, M.D.

William W. Mercer, Assistant United States Attorney, Great Falls, Montana, for defendants-appellees Department of Veterans Affairs and Anthony J. Principi, Secretary of Veterans Affairs.

---

### ORDER

The opinion filed on January 15, 2008, is hereby amended as follows:

At slip op., p. 529, 512 F.3d 1178, 1183-84, delete the following:

> Because Dr. Weber failed to raise this claim before the district court, and no exceptional circumstances justify this failure, we decline to address this claim. *See Monetary II Ltd. P'ship v. Comm'r*, 47 F.3d 342, 347 (9th Cir. 1995) (internal quotation marks omitted) (stating "[a]s a general rule, an appellate court will not consider arguments which were not first raised before the district court, absent a showing of exceptional circumstances").

Replace with the following sentence:

> Because Dr. Weber did not properly raise this claim before the district court, and no exceptional circumstances justify this failure, we decline to address this claim. *See Rains v. Flinn (In re Rains)*, 428 F.3d 893, 902 (9th Cir. 2005) (finding the plaintiff's due process claim waived on appeal because he first raised the claim before the district court in his reply brief); *see also Silvas v. E*Trade Mortgage Corp.*, 514 F.3d 1001, 1007 (9th Cir. 2008) (stating that "it is well-established that an appellate court will not consider issues that were not properly raised before

the district court") (alterations and internal quotation marks omitted).

With this amendment, appellant's petition for rehearing is DENIED. Further petitions for rehearing and petitions for rehearing en banc may not be filed.

## OPINION

STROM, District Judge:

Appellant Dr. William Weber ("Dr. Weber") appeals from the February 23, 2006, order of the United States District Court for the District of Montana denying his motion for summary judgment on his claim for back pay under the Back Pay Act, 5 U.S.C. § 5596, and granting appellees' motion to dismiss Dr. Weber's claim.

## I. BACKGROUND

On October 1, 1997, Dr. Weber was appointed to the position of staff radiologist at the Veterans Administration Medical and Regional Center ("VAMC") in Fort Harrison, Montana, pursuant to 38 U.S.C. § 7401(1). Dr. Weber's appointment was initially temporary, but the VAMC converted the position to a full-time staff position on December 7, 1997. As mandated by 38 U.S.C. §§ 7403(b)(1) and (2), Dr. Weber's appointment was subject to a two-year probationary period and to board review. Section 7403(b)(2) states, in pertinent part:

> The record of each person serving under such an appointment in the [m]edical . . . [s]ervices shall be reviewed from time to time by a board, appointed in accordance with regulations of the Secretary. If such a board finds that such person is not fully qualified

and satisfactory, such person shall be separated from
the service.

A summary review board convened to review Dr. Weber's
appointment on August 2, 1999. On August 12, 1999, the
board issued findings and a recommendation that Dr. Weber
be separated from his employment effective September 13,
1999. The board found that no single incident warranted sepa-
ration, but when considered in its entirety, Dr. Weber's pat-
tern of behavior warranted separation.

On March 8, 2000, Dr. Weber filed a complaint in the
United States District Court for the District of Montana, seek-
ing judicial review of the board's recommendation to separate
him. He claimed that his separation should be set aside
because the board failed to follow VA regulations. Specifi-
cally, Dr. Weber alleged that matters were presented to the
summary review board that were not included in the notice of
summary review sent to Dr. Weber. Without reaching a deci-
sion on the merits of the summary review board decision, the
district court agreed that the board failed to comply fully with
the notice requirements. On June 2, 2004, the court vacated
the report and recommendation of the summary review board
and remanded the matter to the VA for further proceedings in
accordance with the applicable laws and regulations. *See
Weber v. VA*, No. CV-00-10-H-SEH (D. Mont. filed June 3,
2004) (*"Weber I"*).

On June 3, 2004, the VA reinstated Dr. Weber, but then
immediately placed him on administrative leave with pay.
The VAMC convened a new summary review board, which
again recommended that Dr. Weber be separated from his
employment. Accordingly, the VAMC discharged Dr. Weber
effective December 6, 2005.

In the meantime, on September 15, 2004, Dr. Weber filed
a complaint in the United States District Court for the District
of Montana against the VA and Anthony J. Principi, the Sec-

retary of Veterans Affairs (collectively, "VA"), claiming he was entitled to back pay and benefits under the Back Pay Act ("BPA"), 5 U.S.C. § 5596, for the period between September 13, 1999, and June 3, 2004. Section 5596(b)(1) provides that back pay is warranted when an employee of an agency "is found by appropriate authority under applicable law, rule, regulation, or collective bargaining agreement, to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay" of the employee. Dr. Weber moved for summary judgment claiming he was entitled to back pay under the BPA by virtue of the district court's prior decision in *Weber I*. Conversely, the VA moved to dismiss Dr. Weber's complaint under Fed. R. Civ. P. 12(b)(6), challenging the district court's jurisdiction and arguing that the district court's order in *Weber I* did not provide a basis for asserting a BPA claim.

On February 23, 2006, the district court denied Dr. Weber's summary judgment motion and granted the VA's motion to dismiss Dr. Weber's BPA claim. The court determined that its prior decision in *Weber I* was limited to a narrow procedural issue and that questions relating to Dr. Weber's pay or other benefits were not before the court. Thus, the court found that its decision in *Weber I* afforded no basis for a BPA claim. The court further stated that its review of the record revealed overwhelming evidence that the summary review board was justified in separating Dr. Weber.

Dr. Weber filed a timely appeal of the district court's order on April 18, 2006. He claims that the district court erred in its determination that the court's prior decision in *Weber I* afforded no basis for Dr. Weber to assert a BPA claim.

## II. STANDARD OF REVIEW

We review *de novo* dismissals pursuant to Fed. R. Civ. P. 12(b)(6). *Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). To avoid a Rule 12(b)(6)

dismissal, a complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

We also review *de novo* a district court's decision to grant or deny summary judgment. *Prison Legal News v. Lehman*, 397 F.3d 692, 698 (9th Cir. 2005). Using the familiar standard, we view the evidence in the light most favorable to the nonmoving party to determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Id.*

## III. DISCUSSION

**[1]** In order for a plaintiff to bring a viable suit against the federal government or its agencies, the government must have waived its sovereign immunity. "Consequently, a person attempting to sue a federal agency or officer must demonstrate that the claim being asserted is covered by a specific statutory authorization to sue the United States . . . ." 14 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3655 (3d ed. 1998). Dr. Weber claims the Administrative Procedure Act ("APA"), 5 U.S.C. § 701-706, and the BPA, 5 U.S.C. § 5596(b)(1), gave the district court jurisdiction over his back pay claim. The VA challenges this assertion, arguing the district court lacked jurisdiction under either act. We agree.

**[2]** Under the APA, federal sovereign immunity is waived for suits against the federal government in which the plaintiff is "*seeking relief other than money damages.*" 5 U.S.C. § 702 (emphasis added). Section 702 further states, in pertinent part:

> Nothing herein . . . (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.

*Id.* The APA did not vest the district court with jurisdiction for two reasons. First, "back pay, as a claim for money damages, falls outside the scope of the APA." *Ward v. Brown*, 22 F.3d 516, 520 (2d Cir. 1994). Second, the comprehensive statutory scheme for the Veterans Health Administration ("VHA") does not permit judicial review of Dr. Weber's claims.

The Supreme Court's reasoning in *United States v. Fausto*, 484 U.S. 439 (1988), controls our analysis. In *Fausto,* the Supreme Court considered whether an administrative officer in the Department of the Interior Fish and Wildlife Service ("FWS") had the right to bring an action in the Federal Court of Claims challenging his removal and seeking back pay under the Civil Service Reform Act ("CSRA") (codified in Title 5 of the United States Code). The FWS had dismissed Fausto from his FWS position in 1981, citing various reasons, including the unauthorized use of a government vehicle. *Id.* at 441. Subsequently, the FWS determined that Fausto's dismissal was unwarranted but imposed a thirty-day suspension for his unauthorized use of the government vehicle. *Id.* The FWS offered Fausto back pay for a limited time period, which did not include his thirty-day suspension. Fausto rejected this offer and filed an appeal with the Department of Interior, arguing that: (1) the suspension was unwarranted and that he was entitled to back pay for the thirty-day suspension period; and (2) he was entitled to additional back pay from the date he was terminated through the date the FWS determined his initial dismissal was unwarranted. The Secretary of the Interior rejected his arguments and upheld the FWS's decision. *Id.* Fausto then filed an action with the Federal Court of Claims pursuant to the BPA. *Id.* at 443. The Claims Court dismissed the action and held that the CSRA provided Fausto's exclusive remedies. Fausto appealed to the United States Circuit Court of Appeals for the Federal Circuit, which reversed and awarded back pay for the suspension period. *Id.* The Supreme Court granted certiorari.

**[3]** The Court determined that the comprehensive statutory scheme set forth in the CSRA did not provide for judicial review for the actions taken against members of the excepted service, such as Fausto.[1] The Court stated:

> The CSRA established a comprehensive system for reviewing personnel action taken against federal employees. Its deliberate exclusion of employees in respondent's service category from the provisions establishing administrative and judicial review for personnel action of the sort at issue here prevents respondent from seeking review in the Claims Court under the Back Pay Act.

*Id.* at 453.

**[4]** Like the statutory scheme analyzed in *Fausto,* Title 38 of the United States Code governs the appointment and employment terms of VA physicians. Dr. Weber was appointed as a VA radiologist under 38 U.S.C. § 7401(1); therefore, his employment was governed by the VHA personnel system. We agree with the Sixth Circuit that "[l]ike the CSRA, Title 38 provides a comprehensive regulatory scheme for employees of the VA." *Fligiel v. Samson*, 440 F.3d 747, 752 (6th Cir. 2006). This statutory scheme does not provide for judicial review of the decisions of summary review boards for probationary employees. *See* 38 U.S.C. §§ 7403(b)(2),

---

[1]The CSRA classifies workers into three categories: (1) senior executive service; (2) competitive service; and (3) excepted service. " 'Senior Executive Service' employees are those who occupy high-level positions in the Executive Department, but for whom appointment by the President and confirmation by the Senate is not required. 5 U.S.C. § 3132(a)(2). 'Competitive service' employees are all other employees for whom nomination by the President and confirmation by the Senate is not required, and who are not specifically excepted from the competitive service by statute or by statutorily authorized regulation. § 2102. 'Excepted service' personnel are the remainder — those who are in neither the competitive service nor the Senior Executive Service. § 2103." *Fausto,* 484 U.S. at 441 n.1.

(f)(3). "Under *Fausto*, where a comprehensive remedial scheme exists to address agency adverse actions, and Congress has clearly indicated that no judicial review is available, an individual may not choose other federal statutory avenues to obtain review." *Fligiel*, 440 F.3d at 752 n.2 (citing *Fausto*, 484 U.S. at 455). Therefore, the APA does not provide a basis for Dr. Weber to assert his BPA claim.

**[5]** In the alternative, Dr. Weber also claims the BPA provides the necessary waiver of sovereign immunity for the district court to hear his back pay claim. " 'The Back Pay Act is the means by which appointed employees subjected to unjustified personnel action are given a cause of action against the United States.' " *Ward*, 22 F.3d at 520 (quoting *United States v. Hopkins*, 427 U.S. 123, 128 (1976)). The BPA provides a waiver of sovereign immunity when:

> An employee of an agency who, on the basis of a timely appeal or an administrative determination . . . is found by appropriate authority under applicable law, rule, regulation, or collective bargaining agreement, to have been affected by an unjustified or unwarranted personnel action . . . .

5 U.S.C. § 5596(b)(1). The requirements to invoke jurisdiction under the BPA are: (1) a finding of "an unjustified or unwarranted personnel action;" (2) by an "appropriate authority." *Id.*

**[6]** Dr. Weber claims these requirements were satisfied by the district court's decision in *Weber I*, which vacated the first report and recommendation of the summary review board and remanded the matter to the VA for further proceedings. This argument is unavailing because the district court, like the Claims Court in *Fausto*, was not an "appropriate authority" when it made its determination. Just as the "comprehensive and integrated review scheme of the CSRA" prevented Fausto from satisfying the threshold requirements to invoke the BPA,

*id.*, Title 38 prevents probationary physicians such as Dr. Weber from seeking judicial review of summary review board determinations under the BPA. According to VA regulations, after a summary review board makes findings, the Chief of Staff can comment on those findings, and the facility director "may approve, disapprove or modify the [b]oard's recommendation." VHA Supplement, MP-5, Pt. II § 4.09(h)(1)(b). Because the board's determination was but an interim step in a multi-level decision process, Dr. Weber's only recourse was within his agency, not with the district court.[2]

As a final alternative, Dr. Weber claims he had a liberty interest under the Due Process Clause in seeing that the summary review board complied with notice requirements. He argues a district court can invoke jurisdiction when a violation of due process rises to the level of a colorable constitutional claim. Because Dr. Weber did not properly raise this claim before the district court, and no exceptional circumstances justify this failure, we decline to address this claim. *See Rains v. Flinn (In re Rains)*, 428 F.3d 893, 902 (9th Cir. 2005) (finding the plaintiff's due process claim waived on appeal because he first raised the claim before the district court in his reply brief); *see also Silvas v. E\*Trade Mortgage Corp.*, 514 F.3d 1001, 1007 (9th Cir. 2008) (stating that "it is well-established that an appellate court will not consider issues that were not properly raised before the district court") (alterations and internal quotation marks omitted).

**[7]** For the foregoing reasons, we conclude the district court lacked jurisdiction to adjudicate Dr. Weber's claim for back pay. Accordingly, this case is remanded to the district court with instructions to dismiss Dr. Weber's complaint for lack of

---

[2]We express no opinion on whether the district court properly asserted subject matter jurisdiction in *Weber I*.

jurisdiction.

**VACATED and REMANDED.**