**Mariyam AKMAL, doing business as Aegis IT Solutions Inc., Plaintiff—Appellant,**

v.

**CINGULAR WIRELESS INC.; et al., Defendants—Appellees.**

No. 07–35548.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 24, 2008.*

Filed Nov. 3, 2008.

Sharonda D. Amamilo, Law Office of Amamilo & Associates, Tacoma, WA, Timothy J. Walton, Walton & Roess, LLP, Palo Alto, CA, for Plaintiff–Appellant.

Stacie Foster, Invicta Law Group, John H. Jamnback, Yarmuth Wilsdon Calfo, PLLC, Seattle, WA, for Defendants–Appellees.

Before: SILVERMAN and BERZON, Circuit Judges, and MAHAN **, District Judge.

MEMORANDUM ***

Plaintiffs appeal the district court's summary judgment in favor of Defendants Cingular Wireless, Inc. and TEKsystems, Inc. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We review the district

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Though Plaintiffs' notice of appeal specified only the district court's summary judgment order, Plaintiffs claim to appeal additional orders in their initial appellate brief, including two post-judgment orders awarding attorneys' fees and statutory damages to Defen-

dants. (Blue Br. 6–7.) As these orders were filed well after Plaintiffs filed their notice of appeal, we lack jurisdiction to review them. *See Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 617 (9th Cir.1993); *Am. Re–Insurance Co. v. Ins. Comm'r of State of Cal.*, 696 F.2d 1267, 1268 (9th Cir.1983). In any event, Plaintiffs raised no arguments relating to the award on appeal, and thereby waived any challenge to the award. *See Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir.1986).

court's grant of summary judgment de novo, *Weber v. Dep't of Veterans Affairs,* 521 F.3d 1061, 1065 (9th Cir.2008), and its refusal of a request under Federal Rule of Civil Procedure 56(f) to permit further discovery for abuse of discretion, *Mackey v. Pioneer Nat'l Bank,* 867 F.2d 520, 523 (9th Cir.1989), and we affirm.

■ Regarding Plaintiffs' defamation claim, the district court correctly ruled that TEKsystems is immune from civil liability under Washington Revised Code Section 4.24.510 for statements made to the Washington Employment Security Department.[2] *See Gontmakher v. City of Bellevue,* 120 Wash.App. 365, 85 P.3d 926, 930 (2004). Under Section 4.24.510, Defendants are entitled to immunity even if the statements in question were made in bad faith or are defamatory per se. *See id.*

■ The district court properly granted summary judgment as to Plaintiffs' breach of contract claim because Plaintiffs offered no evidence that the agreement between Aegis and TEKsystems allowed Akmal, an Aegis employee, to set her own working hours. And even though Aegis was an independent contractor, the agreement explicitly allowed TEKsystems to remove any Aegis employee from the Cingular job for any valid legal reason. Aegis's status as an independent contractor did not give Akmal carte blanche when it came to her hours.

It is unclear from the briefing whether Plaintiffs seek to appeal the district court's grant of summary judgment as to their promissory estoppel claim. To the extent they are attempting to do so, their failure to present any specific and distinct arguments regarding that claim in their briefs waives any challenge to the district court's decision. *See Miller v. Fairchild Industries, Inc.,* 797 F.2d 727, 738 (9th Cir.1986).

The district court did not abuse its discretion in denying Plaintiffs' purported request under Rule 56(f) to permit further discovery before ruling on Defendants' summary judgment motion. Plaintiffs failed to identify any undiscovered information to warrant a Rule 56(f) continuance. *See Tatum v. City & County of San Francisco,* 441 F.3d 1090, 1100 (9th Cir. 2006).

Pursuant to Washington Revised Code Section 4.24.510, we award Defendants attorneys' fees and expenses incurred in defending the defamation claim on appeal, but we reject Defendants' claim for additional statutory damages, as those were already awarded by the district court. We refer the matter to the Appellate Commissioner for a recommendation as to the proper amount of attorneys' fees and expenses.

AFFIRMED and REFERRED to the Appellate Commissioner.

---

**2.** We do not consider the additional allegedly defamatory statements mentioned by Plaintiffs on appeal, but which were not presented to the district court. *See Int'l Union of Brick-* *layers & Allied Craftsman Local Union No. 20, AFL–CIO v. Martin Jaska, Inc.,* 752 F.2d 1401, 1404 (9th Cir.1985).