**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

In re:                                    )    BAP No.  EC-13-1094-JuTaKu
                                          )
BILLY JOE JOHNSON,                        )    Bk. No.  12-17166
                                          )
                    Debtor.               )    Adv. No. 12-1150
_____        )
                                          )
BILLY JOE JOHNSON,                        )
                                          )
                    Appellant,            )
                                          )
v.                                        )    M E M O R A N D U M[*]
                                          )
JEFFREY M. VETTER, Trustee;               )
UNITED STATES TRUSTEE,                    )
                                          )
                    Appellee.             )
_____        )

Submitted Without Oral Argument
on May 15, 2014

Filed - June 6, 2014

Appeal from the United States Bankruptcy Court
for the Eastern District of California

Honorable Fredrick E. Clement, Bankruptcy Judge, Presiding
_____

Appearances:    Appellant Billy Joe Johnson, pro se, on brief;
                Gregory S. Powell, Ramona D. Elliot, P. Matthew
                Sutko, Robert J. Schneider, Jr., August B. Landis
                and Antonia G. Darling on brief for appellee
                United States Trustee.
                _____

Before:  JURY, TAYLOR, and KURTZ, Bankruptcy Judges.

_____

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

-1-

Chapter 7[1] debtor Billy Joe Johnson (Debtor) appeals from the bankruptcy court's order granting the United States Trustee's (U.S. Trustee) summary judgment motion and the judgment dismissing the underlying chapter 7 case with a two-year bar to refiling. For the reasons stated below, we REVERSE and REMAND for proceedings consistent with this disposition.

## I. FACTS

Debtor filed two prior pro se chapter 7 cases in the Eastern District of California. The first chapter 7 case was filed on December 15, 2011. Debtor failed to attend three continued § 341(a) meetings. On April 5, 2012, the bankruptcy court dismissed the first chapter 7 case for failure to appear at the § 341(a) meeting. Soon after, on April 10, 2012, Debtor filed the second chapter 7 case in the same district. At the initial § 341(a) meeting Debtor appeared but refused to answer any of the chapter 7 trustee's questions about Debtor's financial circumstances. Thereafter Debtor did not attend the continued § 341(a) meeting. On August 2, 2012, the bankruptcy court dismissed the second chapter 7 case for failure to appear at the § 341(a) meeting.

On August 21, 2012, Debtor filed this case, his third, pro se. Debtor appeared at the initial § 341(a) meeting held on October 19, 2012. However, because Debtor failed to provide the

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, "Rule" references are to the Federal Rules of Bankruptcy Procedure, and "Civil Rule" references are to the Federal Rules of Civil Procedure.

chapter 7 trustee with the required tax returns and pay stubs, Debtor was not asked about his financial affairs and the meeting was continued. Debtor then failed to attend two continued § 341(a) meetings.

On November 5, 2012, Debtor filed a document entitled "Notice of Lawsuit Filing," which indicated that he had filed state court lawsuits against the bankruptcy judge, chapter 7 trustee, and U.S. Trustee personnel.[2]

On December 26, 2012, the chapter 7 trustee filed a motion to dismiss the case because debtor failed to appear at the § 341(a) meeting.[3] On January 4, 2013, Debtor filed his notice of hearing and opposition to the chapter 7 trustee's motion to dismiss. Debtor then filed a supplement to his opposition on January 15, 2013. These documents were off-point and did not address the motion before the court.[4] The chapter 7 trustee's motion to dismiss and the duplicate motion were set to be heard on February 20, 2013.

Meanwhile, on September 7, 2012, the U.S. Trustee initiated an adversary proceeding seeking dismissal of the current chapter 7 case with a two-year bar to refiling. On October 11, 2012, Debtor filed an answer. The purported answer did not

---

[2] We exercise our discretion to take judicial notice of documents electronically filed in the underlying bankruptcy case and adversary proceeding. See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[3] A duplicate motion to dismiss was docketed on the same day, December 26, 2012.

[4] This characterization applies to all of Debtor's filings in both the bankruptcy case and adversary proceeding.

-3-

admit or deny the allegations asserted in the complaint but requested a venue change and jury trial due to "the court's decision to drag [Debtor] into an attempted murder, kidnapping and rico case involving Minister Victor Mcgee." On January 23, 2013, the U.S. Trustee filed the summary judgment motion, which was set to be heard concurrently with the chapter 7 trustee's motions to dismiss on February 20, 2013. On February 19, 2013, the day before the hearing, Debtor filed another document entitled "Notice of Lawsuits" again indicating Debtor had named the bankruptcy judge, chapter 7 trustee, and U.S. Trustee personnel as defendants in state court lawsuits. The "Notice of Lawsuit" document stated Debtor's position that the bankruptcy judge and other parties could not proceed with the hearing because of an "obvious conflict of interest."

At the February 20, 2013 hearing, the bankruptcy court called the three motions together but heard the U.S. Trustee's summary judgment motion first. The bankruptcy court stated its tentative ruling based upon the filed documents, but afforded Debtor an opportunity to be heard. In his response, Debtor failed to address the factual and legal matters relevant to the motion. Because the bankruptcy court granted summary judgment which included dismissal of the underlying chapter 7 case as relief, Debtor and the chapter 7 trustee agreed that the two motions to dismiss would be dropped as moot. The bankruptcy court issued its final ruling in the civil minutes entered on February 20, 2013.

## II. JURISDICTION

The bankruptcy court had jurisdiction over this proceeding

-4-

under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

A. Whether the bankruptcy court abused its discretion in denying Debtor's request for recusal;

B. Whether the bankruptcy court abused its discretion in denying transfer of venue;

C. Whether Debtor had standing to assert the interests of third parties;

D. Whether Debtor was denied due process;

E. Whether Debtor was entitled to a jury trial;

F. Whether the bankruptcy court erred when dismissing the case under § 707(b) by summary judgment; and

G. Whether the bankruptcy court abused its discretion when it imposed a two-year bar to refiling.

## IV. STANDARDS OF REVIEW

A bankruptcy court's denial of a motion for recusal is reviewed for abuse of discretion. E. & J. Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1290 (9th Cir. 1992).

A decision denying transfer of venue is reviewed for abuse of discretion. Donald v. Curry (In re Donald), 328 B.R. 192, 196 (9th Cir. BAP 2005).

A bankruptcy court's decision to dismiss a bankruptcy case with prejudice is reviewed for abuse of discretion. Leavitt v. Soto (In re Leavitt), 171 F.3d 1219, 1224 (9th Cir. 1999).

The bankruptcy court abuses its discretion when it applied the incorrect legal rule or when its application of the law to the facts was: (1) illogical; (2) implausible; or (3) without

support in inferences that may be drawn from the facts in the record. United States v. Hinkson, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc).

Questions of standing are reviewed de novo. San Diego Cnty. Gun Rights Comm. v. Reno, 98 F.3d 1121, 1124 (9th Cir. 1996). The factual determinations underlying the bankruptcy court's decision on standing are reviewed for clear error. American-Arab Anti-Discrimination Comm. v. Thornburgh, 970 F.2d 501, 506 (9th Cir. 1991).

Summary judgment orders are reviewed de novo. Tobin v. San Souci Ltd. P'ship (In re Tobin), 258 B.R. 199, 202 (9th Cir. BAP 2001). Viewing the evidence in the light most favorable to the non-moving party, we must determine "whether there are any genuine issues of material fact and whether the trial court correctly applied relevant substantive law." Id. A bankruptcy court's conclusions of law are reviewed de novo. Fireman's Fund Ins. Co. v. Grover (In re Woodson Co.), 813 F.2d 266, 270 (9th Cir. 1987).

## V. DISCUSSION

**A. Debtor's Appellate Issues**

We address first the issues raised on appeal by Debtor.

**1. Recusal**

Debtor alleges that the bankruptcy court was conflicted out of ruling on the summary judgment motion because Debtor filed state court lawsuits against the bankruptcy judge, the chapter 7 case trustee, and U.S. Trustee. The law clearly states "[a] judge is not disqualified by a litigant's suit or threatened suit against him[.]" United States v. Studley, 783 F.2d 934,

940 (9th Cir. 1986). The bankruptcy court did not abuse its discretion by proceeding with the hearing on February 20, 2013.

### 2. Standing to Pursue Third Party Rights

In his opening brief Debtor lists alleged grievances of a "Minister Victor McGee." The legal rights and interests of a third party are not at issue when deciding whether the bankruptcy court erred in dismissing Debtor's chapter 7 case with a two-year bar to refiling. Further Debtor does not have prudential standing to assert any claims of Minister Victor McGee as Debtor "cannot rest his claim to relief on the legal rights or interests of third parties[.]" McMichael v. Napa Cnty., 709 F.2d 1268, 1270 (9th Cir. 1983) (citing Warth v. Seldin, 422 U.S. 490, 499 (1975)). The bankruptcy court did not commit clear error by failing to grant relief based upon the alleged injuries to Minister Victor McGee.

### 3. Improper Venue

Under 28 U.S.C. § 1412 a party may transfer a case properly filed in one district to another. Rule 1014(a)(1) provides "[a] petition filed in a proper district . . . may be transferred to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties." A party may object to venue in its answer to the complaint or by filing a timely motion. See Civil Rule 12(h) made applicable by Rule 7012; Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986). The failure to do either results in wavier of the objection. Costlow, 790 F.2d at 1488; Hoffman v. Blaski, 363 U.S. 335, 343 (1960). The objection to venue is also subject to waiver when a debtor chooses the forum where the

case is filed. <u>Lebbos v. Tr. (In re Lebbos)</u>, 2007 WL 7540977, at *3 (9th Cir. BAP 2007); <u>In re Fishman</u>, 205 B.R. 147, 149 (Bankr. E.D. Ark. 1997) (same).

Venue is proper here. Debtor filed his bankruptcy case in the Eastern District of California, the district in which his domicile, residence, and principal assets were situated. 28 U.S.C. § 1408. The adversary proceeding was filed in the same district in which the bankruptcy case was pending. 28 U.S.C. § 1409(a).

Debtor raised his objection to venue in the answer to the complaint. However, when the U.S. Trustee brought the summary judgment motion, Debtor failed to reassert his objection in the response. The bankruptcy court granted the summary judgment motion on the merits without addressing the validity of Debtor's objection. We find that the bankruptcy court's non-response to the objection of venue is not clear error.

First, because Debtor failed to assert the objection in his response to the summary judgment motion, the objection was deemed waived.

Second, Debtor waived any objection to venue when he chose to file his bankruptcy petition in the Eastern District of California. Debtor not only filed this case in his chosen forum, he filed schedules and attended the initial § 341(a) meeting, thereby pursuing the bankruptcy case. Only after the U.S. Trustee initiated the adversary proceeding did Debtor seek a change in venue. Moreover, by responding to the summary judgment motion and appearing at the February 20, 2013 hearing Debtor participated in the adversary proceeding. By proceeding

with the bankruptcy case and the adversary proceeding, Debtor waived any right to object to venue.

### 4. Due Process Claim

Debtor argues that he did not receive due process for reasons that we have difficulty discerning. Because the objection was not properly raised before the bankruptcy court, and without exceptional circumstances justifying this failure, we decline to address this issue. Rains v. Flynn (In re Rains), 428 F.3d 893, 902 (9th Cir. 2005) (waiving plaintiff's due process claim on appeal where it was raised for the first time in a reply brief before the district court); Weber v. Dep't of Veterans Affairs, 521 F.3d 1061, 1068 (9th Cir. 2008).

### 5. Right to Jury Trial

Debtor argues that he was entitled to a jury trial. We determine whether the Seventh Amendment applies to a given proceeding by applying the two-part test in Granfinanciera, S.A. v. Nordberg, 492 U.S. 33 (1989): "First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature." Id. at 42. Actions to dismiss a bankruptcy case and impose injunctive relief are equitable in nature and thus, fail the second prong of this test. Accordingly, Debtor does not have a right to a jury trial in an action under §§ 707(b)(3) and 349(a).

Even if Debtor had a right to a jury trial, a summary judgment proceeding does not deprive a litigant of its right to a jury trial. Slatkin v. Neilson (In re Slatkin), 525 F.3d 805,

-9-

811 (9th Cir. 2008); <u>Diamond Door Co. v. Lane-Stanton Lumber Co.</u>, 505 F.2d 1199, 1203 (9th Cir. 1974) ("[S]ummary judgment is granted as a matter of law where there is no genuine issue of material fact, and, therefore, the province of the jury, fact finding, is not invaded.").

Lastly, Debtor waived any right to a jury trial by failing to properly serve and file his demand for a jury trial within fourteen days after the last pleading directed to the issue was served. <u>See</u> Civil Rule 38(d).

**B.    Merits of the Summary Judgment Motion**

Despite Debtor's failure to establish error, our independent review of the merits of the summary judgment motion requires reversal.

Civil Rule 56 mandates entry of summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. <u>See</u> Civil Rule 56(a) made applicable by Rule 7056; <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). "A fact is 'material when, under the governing substantive law, it could affect the outcome of the case.'" <u>Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n</u>, 322 F.3d 1039, 1046 (9th Cir. 2003) (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986)). The evidence and all inferences drawn from it must be construed in the light most favorable to the nonmoving party. <u>T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987). To carry its burden of production, a moving party must "make a prima facie showing that it is entitled to summary judgment." <u>Celotex</u>, 477 U.S. at 331.

-10-

**1. Dismissal Under Section 707(b)**

Section 707(b) provides in pertinent part:

> After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, trustee (or bankruptcy administrator, if any), or any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are <u>primarily consumer debts</u> . . . if it finds that the <u>granting of relief would be an abuse</u> of the provisions of this chapter . . . . (emphasis added).

"The first prerequisite to dismissal under section 707(b) is that the debtor have primarily consumer debt; the second requirement is a finding by the court that granting the debtor's petition would be a 'substantial abuse' of Chapter 7." <u>Price v. U.S. Tr. (In re Price)</u>, 353 F.3d 1135, 1138 (9th Cir. 2004) (citing <u>Zolg v. Kelly (In re Kelly)</u>, 841 F.2d 908, 912-13 (9th Cir. 1988)). The Code defines "consumer debt" as debt incurred by an individual primarily for a personal, family, or household purpose. <u>See</u> § 101(8). Whether or not a particular secured debt is included as "consumer debt" under § 707(b) depends on the purpose of the debt. <u>In re Kelly</u>, 841 F.2d at 913. A debtor is considered to have "primarily consumer debts" under § 707(b) when consumer debts constitute more than half of the total debt. <u>Id.</u>

The U.S. Trustee failed to meet his production burden to show that Debtor had primarily consumer debt. Here, Debtor indicated on his chapter 7 petition that debts are primarily business debts. Debtor's schedules reflect debt in the amount of $2,775,000.00, which encompass loans on two homes in the amount of $612,000.00, credit card claims in the amount of $45,500.00, and an unclassified claim in the amount of $2.1

-11-

million.  Because the unclassified claim makes up more than half of the total debt, there is a factual dispute as to whether Debtor is considered to have primarily consumer debt.

The summary judgment motion, along with the statement of undisputed facts, is silent on this point.  The U.S. Trustee argues that there is no genuine dispute because Debtor did not assert, either in responding to the complaint or when opposing the summary judgment motion, that § 707(b) did not apply to him because his debts are not primarily consumer debts.  The U.S. Trustee's reliance on the absence of evidence is mistaken. The movant in a summary judgment motion on the merits of the claim asserted has the production burden to establish the elements of a prima facie case.  Celotex, 477 U.S. at 331. Here, the U.S. Trustee failed to address the primarily consumer debt prong in his statement of undisputed facts.  Moreover he admits in his brief that the "chapter 7 case trustee was never able to determine . . . whether [Debtor's] debts are primarily consumer debts."  The civil minutes which constitute the bankruptcy court's ruling also fail to address this element. The decision therefore lacks a critical element of a claim for dismissal under § 707(b) and the judgment must be reversed.

**2.  Abuse Under Section 707(b)(3)**

However, the undisputed facts do decisively establish the other elements for dismissal for abuse.  Section 707(b)(3) provides for a finding of abuse when the debtor has filed the petition in bad faith or the totality of the circumstances of the debtor's financial situation demonstrates abuse.  Whether a chapter 7 petition was filed in bad faith under § 707(b)(3)(A)

-12-

is determined according to the standards for bad faith dismissal used in chapter 11 and chapter 13 cases. In re Mitchell, 357 B.R. 142, 154 (Bankr. C.D. Cal. 2006).

Courts may consider the following non-exclusive factors: (1) whether the debtor has a likelihood of sufficient future income to fund a Chapter 11, 12, or 13 plan which would pay a substantial portion of the unsecured claims; (2) whether the debtor's petition was filed as a consequence of illness, disability, unemployment, or some other calamity; (3) whether the schedules suggest the debtor obtained cash advancements and consumer goods on credit exceeding his or her ability to repay them; (4) whether the debtor's proposed family budget is excessive or extravagant; (5) whether the debtor's statement of income and expenses is misrepresentative of the debtor's financial condition; (6) whether the debtor has engaged in eve-of-bankruptcy purchases; (7) whether the debtor has a history of bankruptcy petition filings and case dismissals; (8) whether the debtor intended to invoke the automatic stay for improper purposes, such as for the sole objective of defeating state court litigation; and (9) whether egregious behavior is present. In re Mitchell, 357 B.R. at 154; Leavitt v. Soto (In re Leavitt), 171 F.3d 1219, 1224 (9th Cir. 1999). Fraudulent intent is not required for a finding of bad faith, In re Leavitt, 171 F.3d at 1224, and no single factor is considered dispositive. In re Mitchell, 357 B.R. at 154.

The undisputed facts show that Debtor's petition was filed in bad faith. Debtor filed two previous chapter 7 cases in the past fourteen months, both of which were dismissed within six

-13-

months for failure to appear at the § 341(a) meeting. In the second case, Debtor appeared at the initial § 341(a) meeting and refused to answer the chapter 7 trustee's questions regarding his financial circumstances. In this current case, Debtor failed to provide the chapter 7 trustee with tax returns and pay stubs. Debtor's failure to comply with basic procedural requirements and insistence on filing incoherent statements on the court's docket constituted egregious behavior. Debtor also engaged in serial filings and case dismissals. Accordingly, the bankruptcy court's finding of bad faith under § 707(b)(3)(A) was proper given the undisputed facts.

"No guidance is provided in § 707(b)(3)(B) as to the factors a bankruptcy court should consider in evaluating a request for dismissal of a bankruptcy case for abuse under the totality of the circumstances [of debtor's financial situation]." Ng v. U.S. Tr. (In re Ng), 477 B.R. 118, 126 (9th Cir. BAP 2012). Courts continue to apply the Mitchell list of non-exclusive factors. Id. The Ninth Circuit has held that a "debtor's ability to pay his debts will, standing alone, justify a section 707(b) dismissal," In re Kelly, 841 F.2d at 914, but does not compel a dismissal as a matter of law. In re Price, 353 F.3d at 1140.

The bankruptcy court also found that the totality of the circumstances of the Debtor's financial situation demonstrated abuse. The bankruptcy court relied on the same two factors it considered when finding that the Debtor filed in bad faith: egregious behavior and a history of bankruptcy petition filings and case dismissals. While the bankruptcy court was correct to

-14-

consider the non-exclusive factors of Mitchell, its consideration was limited to facts that did not indicate Debtor's ability to pay and were merely a repeat of the factors which constitute bad faith. Since the § 707(b)(3)(B) ground is an alternative, statutory construction would compel that the factors considered be distinct from the § 707(b)(3)(A) factors. United States v. Powell, 6 F.3d 611, 614 (9th Cir. 1993) (noting that courts avoid a statutory construction that would render another part of the same statute superfluous). Therefore the undisputed facts do not support the alternative finding under § 707(b)(3)(B). This failure, however, is immaterial because the § 707(b)(3)(A) finding was sufficient for dismissal.

### 3. Two-Year Bar

Once a court has determined that cause to dismiss exists, it must then decide what form of dismissal should apply. Ellsworth v. Lifescape Med. Assocs., P.C. (In re Ellsworth), 455 B.R. 904, 922 (9th Cir. BAP 2011). Upon a finding of bad faith, a bankruptcy court may dismiss a case with a permanent bar to refiling bankruptcy to discharge existing, dischargeable debt. 11 U.S.C. § 349(a); In re Leavitt, 171 F.3d at 1224 (bad faith is "cause" for dismissal with prejudice under § 349(a)). Implicit in this authority is the power to impose a bar of shorter duration. In re Leavitt, 209 B.R. at 942 (9th Cir. BAP 1997), aff'd 171 F.3d 1219 (9th Cir. 1999) (§ 349(a) provides courts with authority to control abusive filings beyond the limits of § 109(g), even in cases where the bankruptcy court imposes a bar to refiling for a period greater than 180 days).

When dismissing with prejudice courts are to consider the

-15-

following: (1) whether debtor misrepresented facts in her petition, unfairly manipulated the bankruptcy code, or otherwise filed in an inequitable manner; (2) debtor's filing history; (3) whether debtor only intended to defeat state court litigation; and (4) whether egregious behavior is present. In re Leavitt, 171 F.3d at 1224.

The bankruptcy court's finding of bad faith as grounds for dismissal under § 707(b)(3)(A) alone is sufficient "cause" under § 349(a) to impose a bar to refiling. In re Mitchell, 357 B.R. at 157. While not explicitly stated, the bankruptcy court applied the standard set forth in Leavitt by finding that Debtor unfairly manipulated the bankruptcy code without the intent to prosecute his numerous chapter 7 cases to discharge. The bankruptcy court relied on the following undisputed facts: in all three of his chapter 7 cases, Debtor failed to attend the continued § 341(a) meetings, which resulted in the dismissal of the two prior cases; and when he did appear, as in this current case, he failed to provide required documents. Because the bankruptcy court applied the correct legal test under Leavitt and the undisputed facts support a finding of cause to dismiss with prejudice, we cannot conclude that a two-year bar to refiling was an abuse of discretion.

## VI.  CONCLUSION

For the reasons stated, we REVERSE and REMAND for further proceedings consistent with this disposition.

-16-