**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 21 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WALTER M. SHAW, M.D.,

        Plaintiff-Appellant,

  v.

VETERANS HEALTH
ADMINISTRATION; et al.,

        Defendants-Appellees.

No. 14-56097

D.C. No. 3:12-cv-02369-BEN-NLS

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted September 13, 2016[**]

Before:     HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

Walter M. Shaw appeals pro se from the district court's judgment dismissing

his employment action. We have jurisdiction under 28 U.S.C. § 1291. We review

de novo a district court's dismissal for lack of subject matter jurisdiction, including

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

whether the United States has waived its sovereign immunity. *Harger v. Dep't of Labor*, 569 F.3d 898, 903 (9th Cir. 2009). We affirm.

The district court properly dismissed Shaw's state law claims as barred by sovereign immunity because Shaw failed to show that the United States has waived its sovereign immunity from suit. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008) ("[A] person attempting to sue a federal agency or officer must demonstrate that the claim being asserted is covered by a specific statutory authorization to sue the United States." (citation and internal quotation marks omitted)).

Shaw has waived any claims of error relating to the dismissal of the federal claims raised in his first amended complaint because they were dismissed with leave to amend, and Shaw subsequently filed an amended complaint. *See Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 973 n.14, 974 n.15 (9th Cir. 2013) (failure to replead claims after dismissal with leave to amend amounts to waiver).

The district court did not abuse its discretion by denying Shaw further leave

14-56097

to amend because amendment would have been futile. *See Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (setting forth standard of review and explaining that "[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint").

Contrary to Shaw's contention, the district court was not required to convert defendants' motion to dismiss to a motion for summary judgment.

**AFFIRMED.**

14-56097