**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STEVEN DWAYNE BROWN,

       Plaintiff-Appellant,

  v.

ANTHONY BAUDINO, Lieutetnant
Deputy Sheriff #173164, individual and
official capacity; JOSEPH MORALES,
Sergeant Deputy Sheriff #486791,
individual capacity; DYLAN BUTLER,
Deputy Sheriff #602227, individual
capacity; COUNTY OF LOS ANGELES,

       Defendants-Appellees.

No.   19-56337

D.C. No.
2:15-cv-08924-FMO-JEM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted March 16, 2021[**]

Before: SILVERMAN, CHRISTEN, and R. NELSON, Circuit Judges

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Steven Dwayne Brown appeals the district court's grant of summary judgment in favor of the defendants in his pro se civil rights lawsuit alleging excessive force and retaliation. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo. *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1122 (9th Cir. 2018). We affirm.

Summary judgment was proper for the defendants on the excessive force claim. To prevail on his pretrial detainee excessive force claim, Brown needed to establish that the "force purposefully or knowingly used against him was objectively unreasonable" in light of the facts known to the defendants at the time and the legitimate security interests of the jail. *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). The brief use of pepper spray against Brown followed by immediate medical attention was objectively reasonable under the circumstances.[1] Brown was designated as a high security inmate due to his history of violence. He repeatedly refused multiple orders to return to his cell, sat down and blocked the only entry and exit to module 1700 for 15 to 20 minutes, went limp when the defendants attempted to lift and return him to his cell, and ignored repeated warnings that he would be pepper sprayed if he refused to return to his cell. The defendants had legitimate security interests in returning Brown to his cell and

---

[1]The incident was recorded on video from two angles.

clearing the only entry and exit to the module. Contrary to Brown's claim, the district court properly applied the law.

The retaliation claims similarly fail because the use of pepper spray reasonably advanced legitimate correctional security goals of returning Brown to his cell and clearing the entryway to the module. See *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth the elements of a First Amendment retaliation claim and requiring proof that "the action did not reasonably advance a legitimate correctional goal").

Summary judgment was proper for Los Angeles County because Brown did not show that any constitutional right was violated. *Tatum v. City and Cnty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).

The district court acted within its discretion when it denied Brown's motions to compel without prejudice to renewal after consideration of the cross motions for summary judgment. Brown has not identified what discovery he was denied or established how the lack of evidence prejudiced him at the summary judgment stage. Nor did the district abuse its discretion by denying Brown's motion to order defense counsel to drive over 285 miles to show Brown the already-produced video of the incident. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)

(holding that we review discovery orders for an abuse of discretion and affirm unless the party establishes "actual and substantial prejudice").

The district court acted within its discretion by denying Brown's motion for spoliation sanctions. *Leon v. IDX Sys. Corp.,* 464 F.3d 951, 957-58 (9th Cir. 2006) (setting forth the standard of review). Brown did not establish that defendants were at fault or acted willfully or in bad faith in failing to preserve any evidence or that he was prejudiced. *See id.* (requiring proof of willfulness, fault, or bad faith and prejudice for the district court to enter judgment as a sanction).

Brown has not come forward with any facts to support his claim that the magistrate judge was biased. *See Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) (setting forth the recusal standard).

We decline to consider the new claim asserted by Brown for the first time on appeal. *Weber v. Dep't. of Veterans Affs.*, 521 F.3d 1061, 1068 (9th Cir. 2008).

**AFFIRMED.**